UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| RONDELL LAWRENCE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:20-cv-00175-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN FRANCISCO QUINTANA, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Petitioner Rondell Lawrence is a federal prisoner currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without an attorney, Lawrence has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.][1] However, Lawrence's petition was not filed on a form approved for use by this Court as required by Local Rule 5.3. In addition, Lawrence did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he file a motion for leave to proceed *in forma pauperis*.

Even so, because Lawrence's petition fails on substantive grounds, the Court will deny his petition for failure to establish a right to habeas relief.[2] Lawrence pled guilty in July 2018 to

---

[1] Although Lawrence originally filed his petition in the United States District Court for the Western District of Pennsylvania, his petition was transferred to this District by the Pennsylvania Court. [R. 1.]

[2] Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*,

one count of possession with intent to distribute 40 grams or more of a mixture of fentanyl and heroin in the United States District Court for the Western District of Pennsylvania and, as a result, was sentenced to a term of imprisonment of 60 months.  *United States v. Lawrence*, No. 2:17-cr-315-DSC-1 (W.D. Pa. 2017).  In his § 2241 petition, he seeks relief under the "Second Chance Act," 18 U.S.C. § 3624, requesting that this Court Order that he be placed in a Residential Reentry Center ("RRC") or a halfway house for 12 months.  [R. 1.]

However, under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the Bureau of Prisons ("BOP") is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months, but a prisoner is not automatically entitled, or guaranteed, such placement for any minimum amount of time.  18 U.S.C. § 3624(c).  *See also Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016).  *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, , 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015).  Rather, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)."  *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

Moreover, the BOP's placement decisions, including determinations regarding halfway house and RRC placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions.  28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not

---

419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

apply to the making of any determination, decision, or order under this subchapter.").  Cf. *Woodard v. Quintana*, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

For all of these reasons, Lawrence fails to establish a right to habeas relief and his petition will be denied.

Accordingly, it is **ORDERED** as follows:

1.  Lawrence's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.  This matter is **STRICKEN** from the Court's docket.

3.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 8th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge